IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIM ROBERTS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CASE NO. 3:00-CV-1279-M |
| NATIONAL AUTOTECH, INC., | § | |
| | § | |
| Defendant, | § | |
| | § | |

### ORDER ACCEPTING, IN PART, AND MODIFYING, IN PART, THE FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Objections to Magistrate Judge Sanderson's Order on Attorneys' Fees and Costs, filed April 15, 2002, and Plaintiff's Supplemental Appeal of and Objections to Magistrate's Order, filed May 24, 2002, in which Plaintiff seeks to modify Magistrate Judge Sanderson's April 1, 2002 Order granting Plaintiff $2,400.00 of his requested $39,277.87 attorneys' fees, and Magistrate Judge Sanderson's May 13, 2002 Order denying Plaintiff's Motion to Reconsider. While the Court is mindful of Magistrate Judge Sanderson's admonition that "[a] request for attorney's fees should not result in a second major litigation,"[1] the court will review Plaintiff's Objections under a *de novo* standard of review.[2]

---

[1] *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983).

[2] On March 7, 2002, the Court referred Plaintiff's Motion for Attorneys' Fees and Defendant's Objections to Plaintiff's Bill of Costs to Magistrate Judge Sanderson for a hearing, if necessary, and a determination. Upon that determination, Plaintiff simultaneously filed his Motion for Reconsideration with Magistrate Judge Sanderson and his Objections with this Court, arguing that Magistrate Judge Sanderson did not possess authority to render a determination on the issues before him. The Court agrees with Plaintiff that the cautious approach requires it to



## ANALYSIS

As the prevailing party, Plaintiff is entitled to attorneys' fees and expenses under the Fair Labor Standards Act. *See* 29 U.S.C. § 216(b) ("[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Wright v. Carrigg*, 275 F.2d 448, 449 (4th Cir. 1960). However, this rule is not absolute. In this instance, while Plaintiff succeeded on his claim to overtime as a service writer/manager trainee, a position held by Plaintiff for five of the seventy-nine week overtime period he sued upon, he did not prevail on his claim of entitlement to overtime as a store manager, a position held by Plaintiff for seventy-four of the seventy-nine week overtime period sued upon. Thus, judgment was rendered on behalf of Plaintiff for $841.00 of his requested $73,125.00 overtime damages (including liquidated damages, Plaintiff's damages request totaled $219,000.00). The label "prevailing party" is thus burdened by Plaintiff's limited victory.

In *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), the Supreme Court stated that "the applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked . . . and should maintain billing records that will enable a reviewing court to identify distinct claims." *Id.* Here, Plaintiff claims that because the two claims were presented to the Court as an "inextricably intertwined" unit, he should be excused from this duty to segregate. The Court cannot concur. Plaintiff's substantive theory in this case was that the time he spent as a store manager entailed essentially the same job functions as the time he spent in the service

---

conduct a *de novo* review of Magistrate Judge Sanderson's April 1, 2002 Order. *See* 28 U.S.C.A. § 636 (West 1993); *Perales v. Casillas*, 950 F.2d 1066, 1068 (5th Cir. 1992) (affirming the district court's rejection of a defendant's objections under both standards of review, clearly erroneous and *de novo*).

writer/manager trainee position, a position already deemed worthy of overtime compensation by the Department of Labor, and thus he was entitled to overtime compensation as both a service writer/manager trainee and as a store manager. However, Plaintiff did not succeed on this theory. His further attempt to argue the theory on the fee and cost issues is thus in vain. Plaintiff was required to present his records on his *initial* Motion for Attorneys' Fees in a form that would allow the Court to identify a nexus between the bills and the distinct claim on which he prevailed.[3] His counsel made a tactical decision to present the documentation in an unmalleable form, and cannot now be fairly heard to cry foul play.[4] Under the circumstances, the Court **ACCEPTS in part** Magistrate Judge Sanderson's April 1, 2002 Order, which it considers as Findings and a Recommendation, and **MODIFIES** it **in part**. The Court will not reduce Ms. Stout's time spent on the attorneys' fee issue by 1.5 hours. Rather, given that Plaintiff is responsible for submitting certain evidence on the fee issue that cannot be considered by this Court, the Court will award

---

[3] On this point, the Court concurs with the Defendant that the Plaintiff may not about-face after the Magistrate Judge's ruling and present new evidence and billing records to the Court simply because Plaintiff's counsel was initially unaware of her need to segregate such billing records. *See* Motion to Reconsider at 2 n. 1. *See also Freeman v. Cty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) ("[l]itigants may not [] use the magistrate judge as a mere sounding-board for the sufficiency of the evidence."). As with his theory that the service writer/manager trainee position and the store manager position were one and the same, Plaintiff made a tactical decision to submit billing documentation that was "inextricably intertwined." The failure to segregate billing records made it extremely difficult for Magistrate Judge Sanderson to ascertain the amount of attorneys' fees Plaintiff should recover on the distinct claim for which he was the prevailing party under the law. Accordingly, the new evidence and records submitted in Plaintiff's Motion for Reconsideration and Plaintiff's Supplemental Appeal of and Objections to Magistrate's Order will not be considered by this Court except insofar as it relates to the time spent on the attorneys' fee issue.

[4] *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 557-58 (5th Cir. 1998); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047-48 (5th Cir. 1998); *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 768-69 (5th Cir. 1996); *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

Plaintiff two-thirds of his total amount of time spent on the attorneys' fee issue, $2,635.13 (two-thirds of 3,952.70). The Court will also award Plaintiff the six hours of time (totaling $1,500.00) awarded by Magistrate Judge Sanderson for Ms. Byrne's client conferences and other related work and four hours of time (totaling $600.00), also awarded by Magistrate Judge Sanderson, for Ms. Reed's time spent responding to Defendant's Motion for Summary Judgment (totaling $600.00). Plaintiff is awarded attorneys' fees of $4,735.13; and taxable court costs of $195.00.

**SO ORDERED.**

DATED: June 6, 2002

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS